UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

**LEASER CAMPBELL,**

                       Plaintiff,

            - against -

**CONSERVE ACCOUNTS RECEIVABLE MANAGEMENT**

                       Defendant

------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

16-cv-02072 (AMD)(MDG)

**ANN DONNELLY, District Judge.**

The *pro se* plaintiff, Leaser Campbell, alleges that the defendant, Conserve Accounts Receivable Management, violated the Fair Credit Reporting Act ("FCRA") by pulling her consumer credit reports without her permission. The plaintiff's request to proceed *in forma pauperis* was granted on May 6, 2016. For the reasons set forth below, I dismiss the complaint for failure to state a claim upon which relief may be granted.

## FACTUAL BACKGROUND

The sole allegation in the plaintiff's complaint is that on four different occasions between February 25, 2014 and June 13, 2014, Conserve Accounts Receivable Management ("CARM") pulled her Trans Union consumer credit reports without her permission. (ECF 1, ¶ 2.) The plaintiff alleges that CARM had no permissible purpose for accessing her credit reports, and that its noncompliance with the Fair Credit Reporting Act ("FCRA"), 28 U.S.C. § 1681(b), was both willful and negligent. (*Id.* ¶ 5(a), 8(a).) Based on these allegations, the plaintiff claims $5,000 for actual or statutory damages, plus punitive damages, attorney's fees, and costs.

1

## STANDARD OF REVIEW

Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915. Under this statute, a district court must dismiss the complaint of a plaintiff proceeding *in forma pauperis* if it is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering whether a plaintiff has stated a claim upon which relief may be granted, the court accepts the facts alleged in the complaint as true, and draws all reasonable inferences in the plaintiff's favor. *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). Legal conclusions in the complaint, on the other hand, do not have to be accepted as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Iqbal*, 566 U.S. at 678).

A court must "liberally" construe a *pro se* plaintiff's complaint "to raise the strongest arguments that [it] suggest[s]," *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013), and must hold it "to less stringent standards than formal pleadings drafted by lawyers." *Nguyen v. Ridgewood Sav. Bank*, 66 F.Supp.3d 299, 303 (E.D.N.Y. 2014) (quoting *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)). This "liberal treatment," however, does not "exempt a *pro se* party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F.Supp. 2d 555, 559 (S.D.N.Y. 2013) (internal citation and quotation marks omitted). Further, a court "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist," *Molina v. New York*,

2

956 F.Supp. 257, 259 (E.D.N.Y. 1995), and "[w]hen a *pro se* plaintiff has altogether failed to satisfy a pleading requirement, the Court must dismiss the claim." *Malachi v. Postgraduate Center for Mental Health*, No. 10-cv-3527, 2013 WL 782614, at *1 (E.D.N.Y. Mar. 1, 2013) (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997)).

## DISCUSSION

Congress enacted the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et. seq.*, "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). The FCRA requires that "consumer reporting agencies adopt reasonable procedures" for ensuring the "confidentiality, accuracy, relevancy, and proper utilization" of consumer credit information. 15 U.S.C. § 1681; *see also Nguyen*, 66 F.Supp.3d at 303. Specifically, section 1681(b) of the FCRA "protects consumer privacy by limiting access to consumer credit reports." *Moses Perl v. American Exp.*, Nos. 12-cv-4380, 12-cv-4796, 2012 WL 2711270, at *2 (S.D.N.Y. July 9, 2012). To state a claim under section 1681(b), "a plaintiff must allege both that the defendant used or obtained the plaintiff's credit report for an impermissible purpose and that the violation was willful or negligent." *Betz v. Matte*, No. 12-cv-5946, 2013 WL 5603846, at *2 (E.D.N.Y. Oct. 10, 2013) (quoting *Moses Perl*, 2012 WL 2711270, at *2); *see also Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 473 (2d Cir. 1995) ("The FCRA creates a private right of action against credit reporting agencies for the negligent, *see* 15 U.S.C. §1681o, or willful, *see id.* §1681n, violation of any duty imposed under the statute.") (internal citation omitted).[1] Section

---

[1] A plaintiff asserting a negligent violation of the FCRA by a defendant must also allege that the violation caused her actual damage. 15 U.S.C. §1681o; *see also Israel Perl v. American Exp.*, No. 11-cv-7374, 2012 WL 178333, at *3 (S.D.N.Y. Jan. 19, 2012) (dismissing FCRA claims based on negligence of the defendants as "plaintiffs in these actions have failed adequately to allege another necessary element of the negligence cause of action—actual damage.")

3

1681(b)(a) sets forth the only permissible purposes for furnishing a credit report; these purposes include use in connection with a credit transaction, employment purposes, the underwriting of insurance, a credit evaluation, evaluation for a license or other government benefit, or in connection with another legitimate business need.

First, the plaintiff's complaint alleges that the defendant accessed her credit report without a permissible purpose, but does not include any specific facts that could support that assertion. This conclusory allegation is insufficient, as a matter of law, to state a claim that the defendant pulled her credit report for an impermissible purpose. *See Betz*, 2013 WL 5603846, at *2 (dismissing complaint as a matter of law where plaintiff "fail[ed] to allege any specific facts to support his assertion that defendants pulled his credit report for an impermissible purpose"). Further, the complaint does not support an allegation that the defendant's conduct was willful or negligent. Willfulness, as used in the FCRA, means "knowledge or recklessness." *Moses Perl*, 2012 WL 2711270, at *2 (citing *Safeco Ins. Co.*, 551 U.S. at 57). While the complaint does allege a "series of pulls" of the plaintiff's credit reports, this alone does not "provide enough factual content to allow this Court to draw the reasonable inference that the alleged violation was willful." *Israel Perl v. American Exp.*, No. 11-cv-7374, 2012 WL 178333, at *2 (S.D.N.Y. Jan. 19, 2012); *see also Augustin*, 2015 WL 5657365, at *6 ("Plaintiff's own lack of knowledge of a lawful reason for the credit pulls is insufficient to allege willfulness.") Indeed, based on the allegations in the complaint, the defendant's conduct "could just as likely have been unintentional." *Israel Perl*, 2012 WL 178333, at *2.[2] Further, "[a]llegations stating a violation

---

[2] By contrast, with respect to the plaintiff's claims against different defendants, the court in *Israel Perl* found the pleadings were sufficient to support claims for willfulness where the plaintiff had alleged that the "relevant defendant repeatedly informed the relevant plaintiff that it could not find any record of an account belonging to him or her." 2012 WL 178333, at *3. The Court reasoned that "[i]f, as alleged in each of those two actions, the relevant defendant was well

of the FCRA are insufficient, without more, to establish the element of negligence, which Congress clearly intended to be an extra hurdle to liability under the FCRA." *Id.* at *3 (citing 15 U.S.C. § 1681o).

Therefore, the plaintiff has not adequately pled either of the required elements of a claim under section 1681(b) of the FCRA, and I must dismiss her complaint. *Betz*, 2013 WL 5603846, at *2 (dismissing claim as a matter of law where "[p]laintiff fails to allege any specific facts to support his assertion that defendants pulled his credit report for an impermissible purpose or that defendants acted willfully or negligently"); *Moses Perl*, 2012 WL 2711270, at *3 (dismissing claim under 1681(b) where the plaintiff "allege[d] no facts that would establish that Defendants knew they had no permissible purpose or recklessly disregarded their obligation to have a permissible purpose under the law"); *Farkash v. RJM Acquisitions Funding, Inc.*, Nos. 12-cv-735 et al., 2012 WL 1948643, at *3 (S.D.N.Y. May 29, 2012) (same).

A district court should not dismiss a *pro se* plaintiff's complaint, however, "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shelton v. Trs. of Columbia Univ.*, 236 Fed.Appx. 648, 649 (2d Cir. 2007) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991). Therefore, the plaintiff may re-plead her complaint within 30-days. If the plaintiff chooses to re-plead, conclusory allegations that the defendant pulled her credit report for an impermissible purpose, and that its conduct was willful or negligent, will not suffice; rather, she must plead facts from which the Court can reasonably infer that the defendant willfully or negligently violated the

---

aware that the plaintiff had no account, it plausibly follows that the defendant was also aware that it had no permissible purpose for obtaining the plaintiff's credit report." *Id.*

5

FCRA. If the plaintiff does not re-plead within 30-days, then her claims will be dismissed with prejudice.

**SO ORDERED.**

s/Ann M. Donnelly
_____

Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
      June 8, 2016