FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ AUG 24 2016 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

**LEASER CAMPBELL,**

                      Plaintiff,

      - against -

**CONSERVE ACCOUNTS RECEIVABLE MANAGEMENT**

                      Defendant

---------------------------------------------------------------- X

NOT FOR PUBLICATION

**MEMORANDUM DECISION AND ORDER**

16-cv-02072 (AMD)(MDG)

**ANN DONNELLY, District Judge.**

The *pro se* plaintiff, Leaser Campbell, filed a complaint on May 2, 2016 alleging that Conserve Accounts Receivable Management violated the Fair Credit Reporting Act ("FCRA") by pulling her consumer credit reports without her permission. The plaintiff was granted *in forma pauperis* status on May 6, 2016. On June 8, 2016, the Court *sua sponte* dismissed the plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2), finding that the plaintiff had not adequately pled either of the elements of a claim under section 1681(b) of the FCRA. (ECF 6.) Specifically, the Court found that the plaintiff had not adequately alleged that the defendant had pulled her credit report for an impermissible purpose, or that the defendant did so with the requisite state of mind, and dismissed the complaint without prejudice. The Court gave the plaintiff 30 days to amend her complaint to address these deficiencies, noting that "[i]f the plaintiff chooses to re-plead, conclusory allegations that the defendant pulled her credit report for an impermissible purpose, and that its conduct was willful or negligent, will not suffice; rather,

she must plead facts from which the Court can reasonably infer that the defendant willfully or negligently violated the FCRA."

The plaintiff filed an amended complaint on June 29, 2016. (ECF 7.) While the plaintiff's original complaint alleged in a conclusory manner that the defendant had accessed her credit reports for an impermissible purpose, the amended complaint additionally alleges that the plaintiff never had any business dealing with or received an offer of credit from the defendant, and that she did not seek employment, credit or insurance from it. This is sufficient to state a claim that the defendant accessed her credit report for an impermissible purpose. *See Moses Perl*, 2012 WL 2711270, at *2 (the plaintiff adequately alleged that his credit report was obtained for an impermissible purpose by alleging that he "never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from" the defendant); *Farkash v. RJM Acquisitions Funding, Inc.*, No. 12-cv-735 et al., 2012 WL 1948643, at *2 (S.D.N.Y. May 29, 2012) ("In each of the instant cases, Mr. Farkas adequately alleges that his report was obtained for an impermissible purpose by alleging that he 'never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from'" the defendant).

However, the plaintiff's amended complaint does not include any facts to support the claim that the defendant acted willfully or negligently in pulling the credit reports, as is required to state a claim under FCRA 1681(b). *See Betz v. Matte*, No. 12-cv-5946, 2013 WL 5603846, at *2 (E.D.N.Y. Oct. 10, 2013) ("a plaintiff must allege both that the defendant used or obtained the plaintiff's credit report for an impermissible purpose and that the violation was willful or negligent.") (internal citation omitted). Instead, the plaintiff has simply repeated her conclusory

allegation that the defendant "willfully used and obtained her credit report." As stated in the Court's June 8, 2016 order, this is insufficient to adequately plead either negligence or willfulness under the FCRA. (ECF 7, at 4-5.)

## CONCLUSION

Therefore, the plaintiff's amended complaint is dismissed with prejudice, and the Clerk of the Court is respectfully directed to close the case.

**SO ORDERED.**

s/Ann M. Donnelly

Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
       August 24, 2016